R. Blake Hamilton (11395)
Ashley M. Gregson (13716)
Janise K. Macanas (8065))
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 S. Main, Suite 2400
Salt Lake City, UT 84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
blake.hamilton@dentons.com
ashley.gregson@dentons.com
janise.macanas@dentons.com
*Attorneys for Weber County Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH (NORTHERN)

| | |
|---|---|
| THE CARL N. ANDERSON FAMILY PROTECTION TRUST,<br><br>                Plaintiff,<br><br>vs.<br><br>WEBER COUNTY, RYAN ARBON, BRANDON ROUNDY, and ANDREW DAUGHETEE,<br><br>             Defendants. | **WEBER COUNTY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case No. 1:23-cv-00035-JNP-CMR<br><br>Judge Jill N. Parrish<br>Magistrate Judge Cecilia M. Romero |

Pursuant to Rules 8 and 12(c) of the Federal Rules of Civil Procedure, Defendants

WEBER COUNTY, RYAN ARBON, BRANDON ROUNDY, and ANDREW DAUGHETEE,

(collectively "Weber County Defendants") through their Counsel, move the court for judgment

on the pleadings.

## RELIEF SOUGHT AND GROUNDS FOR RELIEF

Plaintiff is identified as the Carl N. Anderson Family Protection Trust (hereafter, "Trust").  The Trust has asserted the following claims against Weber County Defendants: (1) a violation of duty of care for not disclosing or fabricating evidence in a judicial or administrative proceeding under the Fourteenth Amendment of the United States Constitution and Article 1, Section 22 of the Utah Constitution; and (2) a violation of the Trust's right to not have private property taken or damaged without just compensation pursuant to the Fifth Amendment of the United States Constitution and Article 1, Section 22 of the Utah Constitution Utah Constitution. There is also a third claim for a violation of unlawful restraint which does not allege sufficient facts on which a recognized legal claim could be based.  *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (cleaned up).

As set forth below, the Trust's specific allegations in the Amended Complaint do not plausibly support a legal claim for relief.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).  Furthermore, the individual defendants are entitled to qualified immunity against all claims because their conduct did not violate  clearly established constitutional rights.  The Trust also lacks standing to bring this action which "must be based on the violation of plaintiff's personal rights and not the rights of someone else."  *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

## BACKGROUND

For purposes of this motion only, the following facts[1] are taken from the allegations in the Amended Complaint, served on Weber County Defendants on March 21, 2023:

1.      On August 1, 2020, a dispute arose between the Trust and Lee and Andrea Smith (hereafter "the Smiths"), involving a 40' wide strip of land owned by the Trust and used by the Trust to access its property to the south of 6550 South Street in Uintah County.  Am. Compl. p. 2.

2.      The Weber County Sheriff's Office was called to respond to the dispute.  Deputy Andrew Daughetee and another unidentified deputy from the Weber County Sheriff's Office responded. The deputies spoke with Carl Anderson, the attorney and beneficiary of the Trust (hereafter "Mr. Anderson").  The parties agreed that the issue was a civil matter and that the Trust and Smiths would have to involve the court system and go through appropriate legal channels to resolve the dispute.  *Id.*

3.      On August 3, 2020, the Smiths asked Deputy Daughetee to return to the property. Deputy Daughetee, using a tape measure and relying on the Weber County GIS Interactive maps, determined that the property in dispute belonged to the Smiths.  *Id.*, p. 3.

4.      Deputy Daughetee then went to Mr. Anderson's home to discuss the matter further, informed Mr. Anderson of the determination, and told Mr. Anderson to not return to the property. *Id.*, p. 4.

---

[1] Weber County Defendants expressly reserve their right to dispute the veracity of these facts should the case proceed.

5.      Sometime between August 17, 2020, and August 29, 2020, the Smiths had their property surveyed and the survey company informed the Smiths that they did not own the land in dispute and belonged to the Trust.  *Id*., p. 5.

6.      Despite this, on August 29, 2020, the Smiths began parking a truck on the disputed property which made it impossible for the Trust to access its property.  *Id.*

7.      Mr. Anderson met with Deputy Daughetee again to discuss the parking of the truck and review the recent survey results showing that the disputed property belonged to the Trust.  Mr. Anderson asked Deputy Daughetee to tell the Smiths to remove the truck and he refused to do as requested.  *Id.*

8.      On August 31, 2020, the Smiths installed barbed wire fencing around the disputed property which prevented the Trust from being able to access its property.  *Id*., p. 6.

9.      On September 11, 2020, a second survey was arranged by Mr. Anderson, which concurred with the Smiths' survey indicating that the disputed property was owned by the Trust.  *Id*.

10.      On September 12, 2020, the Smiths installed two concrete barriers in front of the barbed wire fencing which permanently prevented the Trust's access to its property.  *Id*., p. 7.

11.       On September 14, 2020, Mr. Anderson received a copy of the survey of the Trust's land.  *Id.*

12.       Mr. Anderson went to the Smiths' home with a copy of the survey to demand that the concrete barriers be removed.  *Id.*

13.     The Smiths called the Weber County Sheriff's Office and two unidentified deputies responded.  The deputies allegedly stated that the Smiths owned the Trust property through the law of eminent domain and cited to a section of the Utah Code.  *Id.*

14.     The unidentified deputies refused to have the barriers removed, claimed it was a civil matter, and told Mr. Anderson that if he came back to property, he would be arrested for trespass.  *Id.*, p. 8.

15.     The Trust initiated a quiet title action against the Smiths.  *Id.*

16.     On or around October 2020, Richard Matheson, on behalf of the Trust, contacted Sheriff Ryan Arbon in an attempt to meet and resolve the dispute.   Mr. Matheson and the Trust were referred to Chief Deputy Brandon Roundy.  *Id.*

17.     Multiple attempts were made to resolve the matter through Chief Roundy, who refused to meet with Mr. Matheson and a representative of the Trust, without having the Uintah City Mayor present.  *Id.*

## SUPPORTING AUTHORITY

**Rule 12(c) Standard.**

The Federal Rules of Civil Procedure require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Rule 12(c) specifically provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  *Id.* at 12(c).  A Motion for Judgment on the Pleadings is reviewed under the same standard as a Rule 12(b)(6) Motion to Dismiss.  *Swasey v. W. Valley City*, No. 2:13-CV-00768-DN, 2015 WL 500870, at *1 (D. Utah

2015) (unpublished).  A complaint is subject to dismissal under Rule 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

To state a claim sufficient to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (cleaned up).  While Rule 8 "does not require detailed factual allegations . . . it demands more than an unadorned, the defendant unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555) (cleaned up).  The complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement."  *Id.* (cleaned up).  At a minimum, the facts pled must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds by *Twombly*, 550 U.S. at 563);  *see also Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993).

While this Court must accept reasonable inferences derived from well-pleaded facts, it need not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 663, or "legal conclusions couched as factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).  In addition, if a plaintiff fails to allege an essential element of his or her claim, the complaint does not sufficiently state a claim upon which relief may be granted

and may be dismissed.  *See Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir.

2007).

## ARGUMENT

### I.    PLAINTIFF HAS FAILED TO PLEAD CAUSES OF ACTION AGAINST DEFENDANTS.

"To survive a motion to dismiss, the complaint must contain sufficient factual matter,

accepted as true, to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "To avoid dismissal,

a plaintiff must 'nudge [the] claims across the line from conceivable to plausible.'" *Id.*  "[T]o

state a claim in federal court, a complaint must explain what each defendant did to him . . .; when

the defendant did it; how the defendant's action harmed him . . .; and, what specific legal right

the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492

F.3d 1158, 1163 (10th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009)

(cleaned up).   Upon review of the Trust's Amended Complaint, this Court can draw a reasonable

inference that the Trust cannot prevail on the facts that are alleged and dismiss the constitutional

theories for failure to state a valid claim.

#### i.    Defendants Weber County, Ryan Arbon, and Brandon Roundy.

Defendants Weber County, Ryan Arbon, and Brandon Roundy are briefly identified in

the Amended Complaint.  While there are allegations about Deputy Daughetee, there are

insufficient factual allegations against Weber County, Ryan Arbon, and Brandon Roundy.  "It is

particularly important in such circumstances that the complaint make clear exactly who is

alleged to have done what to whom, to provide each individual with fair notice to the basis of the claims against him or her, as distinguished from collective allegations against the [defendant]." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). A "plaintiff must show that an affirmative link exists between the [constitutional] deprivation and either the [defendant's] personal participation, his exercise of control or direction, or his failure to supervise." *Worrell v. Henry*, 219 F.3d 1197, 1214 (10th Cir. 2000) (cleaned up).

The Amended Complaint also fails to affirmatively link any specific constitutional violations to Weber County and has not alleged facts about the county's exercise of control, training, policies, or failure to supervise. *See generally* Am. Compl. "[M]unicipal entities are liable only for their own actions and not vicariously liable for the actions of their employees." *Crowson v. Washington County Utah*, 983 F.3d 1166, 1191 (10th Cir. 2020). The Trust references the use of Weber County GIS interactive maps, but the county maps are not related to any constitutional deprivation. *Id.* pp. 3, 4. The Trust identifies Sheriff Ryan Arbon as the person the Trust contacted to resolve the land dispute, but there are no specific actions to describe how Sheriff Arbon "manifested a disregard for the rights of the Trust." *Id.* pp. 10, 11. Plaintiff explains that the Trust was referred to Chief Deputy Roundy to resolve the matter, but states that Chief Roundy refused to meet with the Trust attorney, indicating that Chief Roundy took no action. *Id.* p. 8. Like Sheriff Arbon, there are no specific actions to describe how Chief Roundy "manifested a disregard for the rights of the Trust." *Id.* pp. 8, 10, 11. Plaintiff does not

offer any facts which describe a plausible substantive due process violation against Weber County,[2] Ryan Arbon, or Brandon Roundy.

### ii.  Duty of care, failure to disclose, and fabricate evidence.

The Trust vaguely claims in the first cause of action that Weber County Defendants intentionally excluded documents, fabricated evidence, intentionally failed to disclose evidence "known by Defendants to be relevant to a material issue or matter of inquiry in a pending judicial or administrative proceeding," acted with conscious disregard, and had a duty of care to not exceed their lawful authority and to disclose the requested evidence.  Am. Compl. p. 9.  The Trust appears to frame the duty to disclose relevant evidence as if arising under *Brady v. Maryland*, 373 U.S. 83 (1963).

If the allegations are asserting a *Brady* violation, the Trust must show three elements: "(1) the evidence at issue is favorable to the accused because it is either exculpatory or impeaching; (2) the evidence has been suppressed by the government, either willfully or inadvertently; and (3) the suppressed evidence resulted in prejudice." *United States v. O'Hara*, 301 F.3d 563, 569 (7th Cir. 2002) (cleaned up).  Evidence is considered material if there is a "reasonable probability" that if the evidence was disclosed, the outcome of the underlying proceeding would have been different. *Youngblood v. West Virginia*, 547 U.S. 867, 869 (2006).

In reviewing the Trust's Amended Complaint allegations, it is not plausible to find any *Brady* violation occurred. The Trust states that Weber County Defendants "failed to disclose evidence" in a "pending judicial or administrative proceeding" but does not provide dates,

---

[2] To the extent Plaintiff's claims as asserted against "Weber County and its employees" are intended as brought against the Weber County Sheriff's Office, that entity is a non-jural entity not capable of being sued. *See McKell v. Utah*, 2011 No. 2:10-cv-1011-TC, WL 1434583, at *2 (D. Utah 2011) ("[S]heriff's departments…are not usually considered legal entities subject to suit") (cleaned up).

describe the type of evidence, or provide facts about the proceedings.  Indeed, without such a

proceeding, the Trust has no *Brady* rights to assert. The Trust speculates that there was

intentional fabrication of evidence, but does not describe who did what or how the evidence was

fabricated.   The allegations are insufficiently and vaguely stated and the Court should "not

supply additional factual allegations to round out a plaintiff's complaint or construct a legal

theory on a plaintiff's behalf."  *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009)

(cleaned up).

### iii.  Unconstitutional taking of private property.

The Trust asserts that Weber County Defendants "violated the Trust's right to not have

private property taken or damaged without just compensation pursuant to: (1) the Fifth

Amendment of the U.S. Constitution; and (2) Article 1, Section 22 of the Utah Constitution.

Am. Comp., p. 10.   The Fifth Amendment to the United States Constitution prohibits state

actors from taking private property for public use without just compensation.  As the Supreme

Court has explained:  "The Fifth Amendment does not proscribe the taking of property; it

proscribes taking without just compensation.  Nor does the Fifth Amendment require that just

compensation be paid in advance of, or contemporaneously with, the taking; all that is required is

that a reasonable, certain and adequate provision for obtaining compensation exist at the time of

the taking."  *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson Cnty*. 473

U.S. 172, 194 (1985) (cleaned up).

Article I, Section 22 of the Utah Constitution provides, "[p]rivate property shall not be

taken or damaged for public use without just compensation."  Accordingly, "if a State provides

an adequate procedure for seeking just compensation, the property owner cannot claim a

violation of the Just Compensation Clause until [the property owner] has used the procedure and been denied just compensation. *Williamson*, at 195. If such a procedure is available, a plaintiff's Fifth Amendment takings claim is not ripe until the aggrieved property owner has used the procedure and been denied just compensation. *Miller v. Campbell*, 945 F.2d 348, 352 (10th Cir. 1995).

The Trust fails to plead sufficient facts to show that Trust property was "taken for public use," or if it can be shown that property was taken, that Weber County Defendants refused to compensate the Trust for damages or loss of property. The Amended Complaint also lacks allegations to show that the Individual Defendants transferred title to the property from the Plaintiff to the State or to another third party. There are also no allegations that show that the Individual Defendants adopted or attempted to enforce a government regulation that affected Plaintiff's private property rights. In fact, the Amended Complaint shows that the Individual Defendants informed Plaintiff that the underlying property dispute to which the Individual Defendants were called to respond was a private civil matter. Plaintiff alleges that Individual Defendant Andrew Daughetee inappropriately involved himself in the private property dispute between Plaintiff and other third parties. However, this alleged conduct does not amount to an eminent domain proceeding nor a government regulation affecting the private use of property. The Court can determine that the Trust has failed to allege any facts show that Trust property was taken by Weber County Defendants for public use and therefore has failed to state a claim for a violation of the Fifth Amendment or Article I, Section 22.

### iv.  Unlawful restraint.

With respect to unlawful restraint, the Trust appears to make that claim against some or all Weber County Defendants.  The Trust has not alleged a legal basis for that claim.   The Utah criminal code states that  an "actor commits unlawful detention if the actor intentionally or knowingly, without authority of law, and against the will of the victim, detains or restrains the victim."  Utah Code Ann. § 76-5-304(1).  However the Trust has not identified any legal authority giving it a civil cause of action under this statute.

If the "unlawful restraint" claim is an attempt to allege an unconstitutional seizure, Plaintiff's claim also fails. The factual allegations do not establish that Defendants violated Plaintiff's right against unlawful restraint. For starters, the Amended Complaint fails to explain how Plaintiff (as a trust), can be unlawfully restrained, given that a trust is not a physical person and has no ability to be restrained from movement. Furthermore, Plaintiff does not allege Defendants conducted an unlawful arrest or detention of any individual persons. In fact, there are no allegations whatsoever that Defendants in any way detained or restrained Plaintiff or any individual persons associated with, or who represent, Plaintiff. "[A] complaint 'that offers labels and conclusions or a formulaic recitation of the elements of a cause of action' or 'tenders naked assertions devoid of further factual enhancement' will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  "We disregard conclusory allegations, which are not entitled to a presumption of truthfulness. *Id.*, at 681.   The Trust asserts that the actions of Weber County Defendants were willful, malicious, reckless and indifferent, but these allegations are stated in a vague and conclusory manner.  Even if construed liberally, the conclusory factual allegations do not provide fair notice to Weber County Defendants and the Trust cannot prove a set of facts in

support of the claims that would entitle the Trust to relief.  *See generally Casillan v. Regional Transp. Dist.*, 986 F.2d 1426 (10th Cir. 1993).

## II.     THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY BECAUSE THEIR CONDUCT DID NOT VIOLATE PLAINTIFF'S CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS.

Even if Plaintiff's claims were adequately pled against Defendants, the Individual Defendants (Ryan Arbon, Andrew Daughetee, and Brandon Roundy) fall under the doctrine of qualified immunity which protects government officials from liability.  *See generally Glover v. Mabrey*, 384 F. App'x 763, 767 (10th Cir. 2010) (unpublished) (cleaned up). "[Q]ualified immunity questions should be resolved at the earliest possible stage of a litigation." *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987).  The doctrine of qualified immunity shields government officials from liability as long as "their conduct does not violate clearly established statutory or constitutional rights[.]" *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006).  The doctrine of qualified immunity is meant to protect "all but the plainly incompetent or those who knowingly violate the law." *White v. Pauly*, 137 S. Ct. 548, 551 (2017).  Once raised, the qualified immunity defense creates a rebuttable presumption that the defendant is entitled to immunity. *See Medina v. Cram*, 252 F.3d 1124, 1129 (10th Cir. 2001).

To rebut the presumption of immunity, the Trust must establish two elements.  First, the Trust must show that each defendant violated the Trust's constitutional rights. Second, the Trust must show that the right was "clearly established" at the time of the defendant's alleged misconduct.  *See D.C. v. Wesby*, 138 S. Ct. 577, 589 (2018).  If a plaintiff [or in this case the Trust] fails to show either element, the defendant is immune.  *Holland v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001). A right is "clearly established" if "every 'reasonable official would

have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  To show this, the plaintiff bears the burden of directing the Court to case law establishing the right. See *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008) (cleaned up) (a plaintiff must show that a "constitutional right is clearly established by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits").  But a clearly established law cannot be defined "at a high level of generality[.]" *Wesby*, 138 S. Ct. at 590 (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014)).  It must be "particularized to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 551–52 (2017) (cleaned up).  Further, it should put the alleged unlawfulness of the conduct "beyond debate." *Id.*, at 551.

A plaintiff must also show that a "constitutional right is clearly established by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits," which was not done.  *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). "The plaintiff carries the burden of convincing the court that the law was clearly established." *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 645 (10th Cir. 1988) (cleaned up). To meet this burden, a Plaintiff "must do more than identify in the abstract a clearly established right and allege that the defendant has violated it." *Id.* (citing *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987)). Ordinarily a Tenth Circuit Court of Appeals or United States Supreme Court decision on point is needed to show a law is clearly established. *Woodward v. City of Worland*, 977 F.2d 1392, 1397 (10th Cir. 1992).  Here, the Individual Defendants are protected by qualified immunity because there was no clearly established law

that would have alerted them that their actions were "plainly incompetent or . . . knowingly violated the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

The Trust alleges breach of duty of care, unlawful restraint, and the right to not have property taken. But these allegations fail to identify the clearly established constitutional right(s) which Defendants violated. To the extent that the Amended Complaint does identify established constitutional rights, the allegations fail to show that Individual Defendant's actions were a violation of those rights. The First Cause of Action vaguely references the Fourteenth Amendment to the U.S. Constitution and alleges that the present action arises thereunder.[3] But, Plaintiff does not specifically identify any Fourteenth Amendment right(s) which the Individual Defendants have violated. A general reference to a constitutional provision is not sufficient to show that a right is clearly established. *See Wesby*, 138 S. Ct. at 590. The Amended Complaint does not contain allegations that show that the claims set forth in the First Cause of Action violate any rights protected under the Fourteenth Amendment. Without identifying specific Fourteenth Amendment rights, Plaintiff factual allegations (even taken as true) cannot show that Defendant's actions violated any clearly established rights.

The Second Cause of Action references the Takings Clause of the Fifth Amendment and alleges a violation of the Plaintiff's right not to have private property taken for public use

---

[3] The First Cause of Action is listed at the beginning of the Amended Complaint. Most of the factual allegations (¶¶ 1–55) in the Complaint are listed under this Cause of Action, including the allegations establishing jurisdiction and venue. The allegations setting forth the elements of the First Cause of Action (which appears to be a claim based on Defendants' alleged breach of a duty of care, failure to disclose, and fabrication of evidence) starts at paragraph 55. It is not clear whether Plaintiff's reference to the Fourteenth Amendment is meant to apply to the First Cause of Action specifically or to Plaintiff's lawsuit generally. To the extent that the Fourteenth Amendment is meant to apply to the First Cause of Action, the Individual Defendant's address it here for its potential application to the qualified immunity defense.

without just compensation. However, the Amended Complaint makes a short and vague reference to the Fifth Amendment and does not provide specific allegations regarding the elements of an unlawful taking, nor are there sufficient allegations to show that Individual Defendants violated Plaintiff's Fifth Amendment rights.

While the Amended Complaint points to a constitutional right, the Amended Complaint fails to provide sufficient detailed allegations to show that the right is clearly established or that Individual Defendants' actions violated that right.

The Third Cause of Action alleges that Individual Defendants violated Plaintiff's right to be free from unlawful restraint. Plaintiff does not provide a legal basis for this claim. It is not clear on the face of the Amended Complaint whether this claim arises under federal or state law, nor is it readily apparent whether the claim is based on a constitutional or statutory right. To the extent this claim can be construed to be one for constitutional liability under § 1983, Plaintiff has failed to properly show that such a right is clearly established.

Based on the foregoing, the Court should dismiss the claims against Individual Defendants as they fall under the doctrine of qualified immunity. The Amended Complaint does not identify Plaintiff's clearly established rights, nor does it provide factual allegations sufficient to show that the Individual Defendants violated those rights.

## III.    THE TRUST IS NOT A PERSON WITH STANDING OR CAPACITY TO SUE.

The Amended Complaint is brought by the Carl N. Family Protection Trust pursuant to the Fifth and Fourteenth Amendments of the United States Constitution and Article 1, section 22, of the Utah Constitution.   Article III of the United States Constitution provides a limited grant of

authority for federal courts to hear cases and controversies.  *Raiser v. U.S.*, 325, F.3d 1182, 1183 (10th Cir. 2002) (cleaned up).

Before considering the merits of the Trust's complaint, the Trust must establish that:  (1) it has standing with capacity to sue.  "As is now well-settled, the elements of standing are three: (1) First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Schaffer v. Clin*ton, 240 F.3d 878, 882 (10th Cir. 2001) (cleaned up).  "[W]e must carefully inquire as to whether [a plaintiff] met their burden of establishing that [the] claimed injury is personal, particularized, concrete, and otherwise judicially cognizable."  *Id.* at 883.  "For an injury to be particularized, it 'must affect the plaintiff in a personal an individual way.'"  *Laufer v. Looper*, 22 F.4th 871, 876 (10th Cir. 2022) (cleaned up).  Because the Trust is legal agreement and not a person, the Trust cannot show how the alleged violations affected the Trust in a personal or individual way.

Federal Rules of Civil Procedure Rule 17(b) provides that the capacity to sue or be sued is determined by the law of the state where the court is located.  The Trust appears to be formed in Utah so Utah laws apply.   Rule 17(a) of the Utah Rules of Civil Procedure governs the determination of capacity to sue.  The rule directs that "every action shall be prosecuted in the name of the real party of interest.  An executor, administrator, guardian, bailee, *trustee of an express trust*, a party with whom or in whose name a contract has been made for the benefit of

another, or a party authorized by statute may sue in that person's name[.]"  Utah R. Civ. P. 17(a) (italics added).

The capacity to sue analysis is based on Utah laws which describe the capacity of a trust. Under Utah law, a trust is defined as a "trust instrument" that is executed by the settlor that contains terms of the trust, including any amendments thereto."  Utah Code Ann.  § 75-7-103(1)(n).  The trust is subject to "the rules of construction that apply to the interpretation of and disposition of property by will or other governing instrument."  Utah Code Ann.  § 75-7-103(1)(n).  "A trust may be created by several methods: (1) transfer of property  . . . ; (2) declaration by the owner of the property . . .; or (3) exercise of a power of appointment in favor of a trustee."  Utah Code Ann.  § 75-7-401(1)(a)(b)(c).  Utah law consistently infers that a trust is a legal instrument and not a person, and the trustee of a trust, is the "real party of interest."  *See* Utah R. Civ. P. 17(a).

The foregoing analysis is supported by case law in other jurisdictions.  For example, in a case brought by a family trust against the respondent and a bank, the court noted: "[a]s a preliminary matter, it appears that the Trust is appearing on its own behalf in this case. However, a trust is not an independent legal entity which is separate and distinct from its trustees."  *Thomas & Kathleen Garland Family Trust v. Melton,* 460 P.3d 31 (Table) (Nev. App. 2020) (cleaned up).  "A trust is not a person in the eyes of the law."  *Burnett County v. Ekblad*, 495 N.W. 2d 525, n. 3, 172 Wis. 2d 572 (Wis. App. 1992).  "[A] trust is not a person but rather a 'fiduciary *relationship* with respect to property.'"  *Moeller v. Superior Court* (1997) 16 Cal. 4th 1124, 1132, n.3, 947 P.2d 279 (quoting Rest. 2d Trusts, § 2) (italics in original.)  A "trust is not a person in the legal sense."  *U.S. v. Ponte*, 246 F. Supp. 2d 74 (D. Me. 2003).

18

Here, no other party but the Trust is named as plaintiff in the Amended Complaint. Because the Trust does not have capacity to sue and is not the real party in interest, the complaint should "be brought in the name of the party who possesses the substantive right being asserted under the applicable law." *Esposito v. U. S.*, 368 F.3d 1271, 1273 (10th Cir. 2004) (cleaned up). The Trust is a legal instrument and not a person who has been affected in a personal and individual way.  To this end, the Court lacks subject matter jurisdiction to hear the controversies before it.  The Trust does not have standing or capacity to sue and is not the real party of interest.

Defendants acknowledge that Rule 17(a)(3) states that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."   In that regard, if the Court in the interest of justice, is inclined to allow the real party in interest to substitute for the Trust as plaintiff, the Court can determine that amending the complaint to add a trustee is futile because the Plaintiff still fails to state a claim upon which relief can be granted for violations of a duty of care for failure to disclose and/or fabricating evidence in a judicial proceeding, taking and damaging of private property, and unlawful restraint.   "A proposed amendment is futile if the complaint as amended, would be subject to dismissal for any reason . . ." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001).  Although a district court should freely grant leave to amend in the interests of justice, it is under no obligation to permit a petitioner to amend his petition where amendment would be futile.  *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). "A proposed amendment is futile if the [petition], as amended, would be subject to dismissal." *Id.* (cleaned up).  Here, even if the real party of interest is substituted for the Trust as plaintiff, the complaint

19

fails to state a claim for relief on alternative grounds.  Where a plaintiff fails to state a claim for which relief may be granted, the court should terminate those claims that "are fatally flawed in their legal premises and destined to fail" by dismissal as appropriate.  *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., In*c., 988 F.2d 1157, 1160 (10th Cir. 1993). For the reasons set forth above in sections I and II, Plaintiff's claims would fail to survive a Rule 12 motion even if Plaintiff correctly identified a party with standing to sue.

### IV.    A JUDGMENT FOR PUNITIVE DAMAGES SHOULD BE DENIED.

The facts alleged in the Trust's Amended Complaint do not support an award of punitive damages.  *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (cleaned up) ("Punitive damages are available for conduct which is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.").  To the degree the Trust is seeking punitive damages from Weber County, those claims should be dismissed.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("We hold that a municipality is immune from punitive damages under 42 U. S. C. § 1983"); Utah Code § 63G-7-603(1)(a) ("A judgment may not be rendered against a governmental entity for exemplary or punitive damages.  The same is true of a general claim for a Court's just and equitable relief, as against all defendants, given that the challenged conduct is no longer continuing and is not likely to reoccur.  *Phelps v. Hamilton*, 122 F.3d 1309, 1316 (10th Cir. 1997) (cleaned up).  For these reasons, the Court should dismiss Plaintiff's claim for punitive damages.

## **CONCLUSION**

The Court should grant Weber County Defendants' Rule 12(c) Motion for Judgment on the Pleadings for failure to state a claim upon which relief may be granted and dismiss the claims with prejudice.

DATED:  December 24, 2024.

DENTONS DURHAM JONES PINEGAR, P.C.


/s/ *R. Blake Hamilton*
R. BLAKE HAMILTON
ASHLEY M. GREGSON
JANISE K. MACANAS
*Attorneys for Weber County Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on December 24, 2024, the foregoing was electronically filed via the court's electronic filing service and mailed via U.S. mail, postage prepaid, upon:

    David J. Hodgson
    5383 South 900 East, Suite 205
    Salt Lake City, UT 84117
    Auriver49@gmail.com

    /s/ *Melani Thatcher*
    MELANI THATCHER
    Paralegal