IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CARL N. ANDERSON FAMILY PROTECTION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>WEBER COUNTY, RYAN ARBON, BRANDON ROUNDY, AND ANDREW DAUGHETEE,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER CONCLUDING PLAINTIFF DOES NOT HAVE STANDING AND ALLOWING 21 DAYS FOR THE REAL PARTY IN INTEREST TO JOIN THE ACTION**<br><br>Case No. 2:23-cv-00035-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is a motion for judgment on the pleadings filed by Defendants Weber County, Ryan Arbon, Brandon Roundy, and Andrew Daughetee (collectively, "Defendants"). ECF No. 13 ("Defs.' Mot."). Plaintiff Carl N. Anderson Family Protection Trust ("Plaintiff" or "the Trust") alleges that Defendants violated its constitutional rights under the Fourteenth Amendment, the Fifth Amendment, and the Utah Constitution. Defendants move for judgment on Plaintiff's claims, arguing the Trust (1) does not have standing and (2) failed to state a claim upon which relief may be granted.

For reasons set forth herein, the court concludes that Plaintiff does not have standing to bring this claim but will allow 21 days for the real party in interest to join this action. *See* FED. R. CIV. P. 17(a)(3). If the real party in interest does not join by May 6, 2025, the court will dismiss this action for lack of jurisdiction.

## DISCUSSION

A district court *must* dismiss an action "[i]f it determines at any time that it lacks subject-matter jurisdiction." FED. R. CIV. P. 12(h)(3). Standing derives from Article III of the Constitution which "limits the jurisdiction of federal courts to 'Cases and Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (quoting U.S. Const. art. III, § 2). The Tenth Circuit "has repeatedly characterized standing as an element of subject matter jurisdiction." *Hill v. Vanderbilt Capitla Advisors, LLC*, 702 F.3d 1220, 1224 (10th Cir. 2012). To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Defendants argue that the Trust does not have standing to sue because it has not shown that the injury it claims is particularized. "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Laufer v. Looper*, 22 F.4th 871, 876 (10th Cir. 2022) (internal quotation marks omitted). Defendants argue that "[b]ecause the Trust is a legal agreement and not a person, the Trust cannot show how the alleged violations affected the Trust in a personal or individual way." Defs.' Mot. at 17.

Under Rule 17 of the Federal Rules of Civil Procedure, the capacity to sue or be sued is determined "by the law of the state where the court is located." FED. R. CIV. P. 17(b)(3). Therefore, the court will apply Utah law to determine whether Plaintiff has standing to sue. Under Utah law, every suit must be brought "in the name of the real party in interest. An executor, administrator, guardian, bailee, *trustee of an express trust*, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's

name. . . ." UTAH R. CIV. P. 17(a) (emphasis added). Thus, Defendants argue, this action should have been brought in the name of the trustee, not the Trust. The court agrees.

Indeed, it is the trustee's duty to enforce contractual rights and manage trust property on behalf of the trust for the benefit of its beneficiaries. *See Hillcrest Inv. Co., LLC v. Utah Dept. of Transp.*, 287 P.3d 427, 433 (Utah Ct. App.2012); *Davis v. Young*, 190 P.3d 23, 27 (Utah Ct. App. 2008) ("A trust is a form of ownership in which the legal title to property is vested in a trustee, who has equitable duties to hold and manage it for the benefit of beneficiaries.") (internal quotation marks omitted). With this in mind, Utah courts have identified two entities who may bring an action to enforce the rights of a trust beneficiary: (1) the trustee and (2) a beneficiary. *Anderson v. Dean Witter Reynolds, Inc.*, 841 P.2d 742, 744-45 (Utah Ct. App. 1992) ("Although Utah. R. Civ. P. 17 clearly allows the trustee to sue on behalf of the beneficiary, it does not prevent the beneficiary from suing third parties directly."). None of these cases hold that the Trust itself may bring an action and Plaintiff offers no legal support for that notion. Plaintiff is neither a trustee nor a beneficiary but rather the Trust itself. And the court agrees with Defendants that the Trust, as a legal agreement, cannot demonstrate an injury that is "personal or individual." *Laufer*, 22 F.4th at 876. Thus, Plaintiff does not have standing to sue as the Trust is not the "real party in interest" under Utah Rule of Civil Procedure 17(a).

But the correct course of action at this point is not to dismiss this action for lack of standing. Federal Rule of Civil Procedure 17 provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." FED. R. CIV. P. 17(a)(3). Thus, the court must give the trustee reasonable time to join this action.

Defendants argue that the court should still dismiss this action because allowing time for the real party in interest to join would be futile. They argue that the claims would still be dismissed under Rule 12(b)(6). But to explore Defendants' futility argument, the court would have to address the substance of Defendants' motion. And because the court does not have jurisdiction over this matter, it cannot address the merits of Defendants' motion. Thus, the court will allow reasonable time for the real party in interest to join before proceeding to the merits of Defendants' motion. *See id.* ("After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.").

## CONCLUSION AND ORDER

For the reasons above, the court concludes that it does not have jurisdiction over this action because Plaintiff lacks standing. The court will give the real party in interest until May 6, 2025 to join this action. If the real party in interest does not join this action by that date, the court will dismiss Plaintiff's action for lack of standing.

DATED April 15, 2025

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge