IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CARL N. ANDERSON, JR., JEAN ANDERSON, CARL N. ANDERSON FAMILY PROTECTION TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>WEBER COUNTY, RYAN ARBON, BRANDON ROUNDY, AND ANDREW DAUGHETEE,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case No. 2:23-cv-00035-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is a motion for judgment on the pleadings filed by Defendants Weber County, Ryan Arbon, Brandon Roundy, and Andrew Daughetee (collectively, "Defendants"). ECF No. 13 ("Defs.' Mot."). Plaintiffs Carl N. Anderson, Jr., Jean Anderson, and the Carl N. Anderson Family Protection Trust ("the Trust") (collectively, "Plaintiffs") filed this lawsuit, alleging Defendants violated their constitutional rights under the Fourteenth Amendment, the Fifth Amendment, and the Utah Constitution. Defendants move for judgment on Plaintiffs' claims, arguing that they fail to state a claim upon which relief may be granted. For reasons set forth herein, Defendants' motion is **GRANTED**.

**BACKGROUND[1]**

---

[1] In summarizing the background of the case at this stage, the court takes Plaintiffs' well-pleaded facts as true, resolving all factual disputes in their favor. *XMission, L.C. v. PureHealth Rsch.*, 105 F.4th 1300, 1307 (10th Cir. 2024).

This litigation stems from a land dispute that arose between Carl Anderson ("Anderson") and Lee and Andrea Smith ("the Smiths") on August 1, 2020. The dispute involved a forty-foot strip of property that the Trust had historically used to access its land. The parties called Weber County authorities to settle the dispute, and Deputy Andrew Daughetee ("Deputy Daughetee") responded to the call. He informed Anderson and the Smiths that they would have to settle the matter in court and both parties agreed to maintain the status quo. But two days later, the Smiths called Deputy Daughetee and requested he perform a survey to determine who owned the land. Deputy Daughetee completed a survey using Weber County GIS Interactive maps and a tape measure, determining that the Smiths ultimately owned the land in dispute. Deputy Daughetee then informed Anderson that the land belonged to the Smiths, ordering him not to return to the property.

A few weeks later, the Smiths requested a professional survey of the disputed land. Around August 29, the survey company informed the Smiths that they did not own the land in dispute but that the Trust in fact owned it. Still, the Smiths continued to park their vehicle on the disputed land. To address the Smith's use of his property, Anderson called Weber County. Deputy Daughetee responded to the call but refused to tell the Smiths to move their truck, insisting this was a civil matter and he could not get involved.

Anderson then arranged for the property to be surveyed on September 11. Anderson's survey concurred with the Smith survey, confirming that the land belonged to the Trust. Meanwhile, the Smiths installed barbed wire and concrete barriers to prevent Anderson from accessing the property.  On September 14, Anderson received a copy of the survey and showed it to the Smiths. In response, the Smiths called Weber County authorities who informed Anderson that the Smiths owned the land through the law of eminent domain. They also warned Anderson that he would be arrested for trespass if he returned to the property.

2

The Trust brought a quiet title action against the Smiths. The Trust also brought this action, claiming Defendants intentionally and knowingly fabricated evidence, breached their duty of care, took its property without just compensation, and violated its right to be free from unlawful restraint. After Defendants moved for judgment on the pleadings, the court determined the Trust did not have standing to pursue its claim but allowed 21 days for the real party in interest to join the suit. ECF No. 20. Thereafter, the real parties in interest, co-trustees Carl N. Anderson, Jr. and Jean Anderson, joined the suit and filed a Second Amended Complaint. ECF No. 23 ("SAC"). Except for the added plaintiffs, the Second Amended Complaint is identical to the Amended Complaint filed in state court. ECF No. 2-2. Defendants now move for judgment on the pleadings, arguing that Plaintiffs have failed to state a claim upon which relief may be granted.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Courts apply the standard for motions to dismiss under Rule 12(b)(6) to motions for judgment on the pleadings under Rule 12(c). *See Brown v. Montoya*, 662 F.3d 1152, 1160 n.4 (10th Cir. 2011). Dismissal of a claim under Rule 12(b)(6) is appropriate where the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

In evaluating a motion to dismiss under Rule 12(b)(6), the court takes the plaintiff's well-pleaded facts as true, drawing all inferences in the plaintiff's favor. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006); *see also Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's [] complaint alone is legally sufficient to state a claim for which relief may be granted." (internal quotation marks omitted)). But the

plaintiff must allege some facts, not just legal conclusions, to support that inference. *See Anupama Bekkem v. Wilkie*, 915 F.3d 1258, 1275 (10th Cir. 2019). "Pleadings that do not allow for at least a reasonable inference of the legally relevant facts are insufficient." *Id.*

## ANALYSIS

Defendants argue that Plaintiffs' claims should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The court first addresses whether Plaintiffs alleged legally sufficient factual allegations against Defendants Weber County, Sheriff Ryan Arbon, and Chief Deputy Brandon Roundy. It then turns to address Plaintiffs' claims against Deputy Andrew Daughetee.

### I.   Weber County, Sheriff Arbon, and Chief Deputy Roundy

First, Defendants argue that Plaintiffs have not pleaded sufficient facts to state claims against Weber County, Sheriff Ryan Arbon ("Sheriff Arbon"), and Chief Deputy Brandon Roundy ("Chief Deputy Roundy"). Plaintiffs mention Sheriff Arbon and Deputy Roundy briefly in their complaint. The only factual allegation against Sheriff Arbon is that the Trust contacted him, and he referred the Trust to Chief Deputy Roundy. SAC ¶ 51. Plaintiffs then allege that "multiple attempts were made to resolve the matter through Chief Deputy Roundy, but he refused to meet with Mr. Matheson and a representative of the Trust without having the Uintah City Mayor present." *Id.* ¶ 52.

The other mentions of Sheriff Arbon and Chief Deputy Roundy are legal conclusions, not factual allegations. *See, e.g., id.* ¶ 62 ("The actions of Defendants' Arbon, [] and Roundy were willful and malicious, or manifested a knowing and reckless indifference and disregard toward the rights of Plaintiff . . . ."). Thus, the court is left with two allegations: (1) Sheriff Arbon referred the Trust to Chief Deputy Roundy and (2) Chief Deputy Roundy would not meet with the Trust without

the mayor present. But these factual allegations do not support any reasonable inference as to how Defendants Arbon and Roundy harmed Plaintiffs and are therefore legally insufficient to state a claim upon which relief may be granted.

Plaintiffs also fail to allege any facts against Weber County. Plaintiffs only allege facts about employees of Weber County. But "municipal entities are liable for only their own actions and not vicariously liable for the actions of their employees." *Crowson v. Wash. Cty. State of Utah*, 983 F.3d 1166, 1191 (10th Cir. 2020). Plaintiffs make no claim regarding Weber County's training, supervision, or policies. Thus, Plaintiffs also fail to state a legally sufficient claim against Weber County. The court therefore dismisses Defendants Weber County, Arbon, and Roundy because Plaintiffs failed to plead sufficient facts to support any claim against them.

## II.     Deputy Daughetee

Next, the court turns to Plaintiffs' claims against Defendant Daughetee. Plaintiffs allege three claims against Deputy Daughetee: (1) violation of the duty of care or due process, (2) unconstitutional taking of private property, and (3) unlawful restraint. The court addresses each claim below.

### A.     Violation of Duty of Care or Due Process

In their first cause of action, Plaintiffs allege that "[t]his action arises under the United States Constitution, particularly the provisions of the Fourteenth Amendment and the Utah Constitution, particularly Article I, Section 22." *Id.* ¶ 1. But they do not identify the Fourteenth Amendment clause on which they base their claims. And Plaintiffs further allegations regarding the first cause of action provide no clues. They vaguely assert that Defendants "intentionally and knowingly fabricated evidence," "failed to disclose evidence . . . known by Defendants to be relevant to a material issue or matter of inquiry in a pending judicial or administrative proceeding,"

acted "with conscious disregard for the rights of plaintiff," and that Defendants breached their duty of care to Plaintiffs. SAC ¶¶ 55-60. From these allegations, it is unclear whether Plaintiffs are claiming negligence, a violation of the Due Process Clause, or a violation of the Takings Clause. To the extent Plaintiffs refer to the Takings Clause under the U.S. Constitution and the Utah Constitution, the court addresses this in the next section. The court addresses the other two causes of action below.

Plaintiffs vaguely assert that Defendants breached their duty of care, perhaps signifying a claim for negligence. To the extent Plaintiffs are claiming negligence, they must show that (1) Deputy Daughetee owed them a duty, (2) Deputy Daughetee breached that duty, and that (3) the breach was the proximate cause of (4) Plaintiffs' injuries or damages. *Espenschied Transp. Copr. V. Fleetwood Servs.*, 422 P.3d 829, 833 (Utah 2018). Plaintiffs allege that "Defendants, jointly and severally, had a duty of care to Plaintiff to not exceed their lawful authority and to disclose requested evidence." *Id.* ¶ 58. But Plaintiffs provide no legal authority to support such a duty. They also allege damages in the amount of $25,000. But Plaintiffs fail to allege any facts to demonstrate how Deputy Daughetee's actions were the proximate cause of those damages or what those damages entail. Thus, Plaintiffs fail to allege a claim for negligence.

In their response to Defendants' motion, Plaintiffs argue that the complaint alleges that Defendants violated the Due Process Clause by depriving them of their property without due process. ECF No. 14 ("Pls.' Resp.") at 17. But this claim fails for two reasons. First, Plaintiffs failed to specifically allege that Defendants deprived them of property without due process in their complaint. In fact, the phrase, "due process," does not appear anywhere in the complaint. And the court may only consider whether the complaint alone is legally sufficient to state a claim for relief.

Second, even if Plaintiffs had adequately alleged a violation of the Due Process Clause in their complaint, they woefully fail to overcome Defendants' assertion of qualified immunity. To meet their burden, Plaintiffs must demonstrate that their right to due process was clearly established at the time of the violation. *See Estate of Smart v. City of Wichita*, 951 F.3d 1161, 1168 (10th Cir. 2020). "The law is clearly established when there is an 'on point' Supreme Court or Tenth Circuit decision, or the clearly established weight of authority from other courts have found the law to be as the plaintiff maintains." *Paugh v. Uintah Cnty.*, 47 F.4th 1139, 1167 (10th Cir. 2022) (internal quotation marks omitted).

Plaintiffs cite no legal authority, let alone a Supreme Court or Tenth Circuit decision. Thus, even if Plaintiffs did allege Defendants deprived them of property without due process in their complaint, Plaintiffs fail to meet their burden of showing that right was clearly established to overcome Defendants' qualified immunity defense.

As a final note, the court emphasizes that the need for it to speculate in order to decipher what claim Plaintiffs assert in their complaint underscores the complaint's complete lack of clarity. Usually complaints fail under 12(b)(6) because a plaintiff fails to allege facts to support its claimed legal theory. A more fundamental concern arises when the court struggles to discern the legal theory from the outset. Even Defendants had difficulty determining exactly what Plaintiffs claim in their first cause of action.[2] The court is not required to "construct a legal theory on [Plaintiffs'] behalf." *Smith v. United States*, 561 F.3d 1090, 1095 (10th Cir. 2009). Thus, the court dismisses Plaintiffs' first cause of action for failure to state a claim.

---

[2] In their motion, Defendants guessed that Plaintiffs were asserting a failure to disclose evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). Plaintiffs did not respond to this argument, and the court agrees with Defendants that Plaintiffs fail to properly allege a *Brady* violation.

### B.  Unconstitutional Taking

In their second cause of action, Plaintiffs claim that Defendants "violated the Trust's right to not have private property taken or damaged without just compensation pursuant to the Fifth Amendment of the U.S. Constitution and Article I, section 22 of the Utah Constitution." SAC ¶ 64. Under the Takings Clause of the Fifth Amendment, the government may not take private property for public use without just compensation. U.S. CONST. amend. V. Similarly, the Utah Constitution provides that "[p]rivate property shall not be taken or damaged for public use without just compensation." UTAH CONST. art. I, § 22.

But Plaintiffs do not allege in their complaint that Defendants took or damaged their property for public use. Rather, Plaintiffs allege the opposite—any action Defendants took with respect to their property was for the use of the Smiths, private citizens. And Plaintiffs do not respond in their opposition to Defendants' arguments that Plaintiffs have failed to allege facts that support a Takings Clause action. And even if Plaintiffs did sufficiently plead their property was taken or damaged for public use, they have not plead that they were uncompensated for that taking. Plaintiffs' complaint under the Takings Clause is grossly insufficient. Thus, the court dismisses Plaintiffs' unconstitutional taking claim for failure to state a claim.

### C.  Unlawful Restraint

Finally, Plaintiffs claim that Defendants violated their "right to be free from unlawful restraint." SAC ¶ 68. Again, Plaintiffs do not cite any statute or legal authority so the court cannot determine exactly what cause of action Plaintiffs allege. And Plaintiffs also do not clarify this in their opposition to Defendants' motion. Instead, they vaguely state, "Because of the actions of Defendants in the dispute between the Trust and the Smiths, the trust has been unlawfully

barricaded and restrained from access to its property to the south of 6550 South Street, Uintah." ECF No. 14 ("Pls.' Opp.") at 15.

Utah common law provides a cause of action for false imprisonment "whenever there is an unlawful detention or restraint of another against his will." *Lee v. Langley*, 121 P.3d 33, 38 (Utah Ct. App. 2005). To the extent Plaintiffs claim Defendants falsely imprisoned them, "[f]alse imprisonment is an act intending to confine the other . . . within boundaries fixed by the actor, which results in such a confinement while the other is conscious of the confinement or is harmed by it." *Id.*

But here, Plaintiffs allege that Defendants restrained them from accessing their property, not that Defendants confined them within fixed boundaries. Thus, Plaintiffs have failed to allege facts legally sufficient to support a claim for unlawful restraint or false imprisonment. If this is not what Plaintiffs allege in their complaint, the court reemphasizes that it is not the court's responsibility to "construct a legal theory on [Plaintiffs'] behalf." *Smith*, 561 F.3d at 1095. Accordingly, the court dismisses this claim.

## CONCLUSION AND ORDER

For the reasons above, the court concludes that Plaintiffs have failed to state a claim upon which relief may be granted under Rule 12(b)(6). The court therefore GRANTS Defendants' Motion for Judgment on the Pleadings and DISMISSES Plaintiffs' Second Amended Complaint WITHOUT PREJUDICE. Plaintiffs have until September 15, 2025 to amend their complaint. If Plaintiffs do not amend their complaint by the deadline, the court will close the case.

DATED July 16, 2025

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge